Mae Scott as Administratrix of the Estate of Harvey
, D. Scott, Deceased, Appellee, v. The Iowa Telephone Company, Appellant.

Telephones: NEGLIGENCE OF FELLOW SERVANT: EVIDENCE. In an action for the death of an employé of a telephone company caused by his coming in contact with a wire charged with electricity, through the negligence of a fellow servant sent to repair the wire, the evidence is reviewed and held to sustain a finding that the fellow servant was incompetent and that defendant had knowledge thereof.

Negligence: INCOMPETENCY OF FELLOW SERVANT: LIABILITY OF MASTER. An employer in dealing with highly charged electric wires, is held to great care in protecting his servants from injury therefrom, and is not excused from responsibility for the death of a servant caused by the negligence of an inexperienced fellow servant to whom he had intrusted the work of repairing a defective live wire, by the mere fact that he did not know of such servant's incompetency.

Assumption of risk. A servant does not assume the risk arising from the negligence of the master in employing an incompetent fellow workman.

*Appeal from Woodbury District Court.*— Hon. Wm. Hutch-
inson, Judge.

Thursday, February 9, 1905.

The opinion states the case.— *Affirmed.*

*A. Van Wagenen,* for appellant.

*Hallam & Munger,* for appellee.

Weaver, J.— Henry D. Scott was in the employ of the
Iowa Telephone Company at Sioux City, Iowa.   He had had
some experience with handling and caring for telephone wires
carrying electric currents of comparatively slight force, but
does not appear to have been familiar with work in connection
with more powerful currents.   On May 23, 1903, one of the
wires in the appellant's system on Myrtle street in said city
had become broken, and fell across a heavily charged electric
light wire.   The free end of the broken strand hung down
near the ground, and created a manifest source of peril to
persons using the street.   On Scott's passing near the place,
some one called his attention to the broken wire, and he pro-
ceeded, as was his duty, to repair the break, or at least secure
the free end of the wire.   About this time it would seem
that some one had reported the break to the defendant's
office, and the agent in charge sent one Ingledue, a young
man in the company's employ, to remedy the trouble.   As
Ingledue came up, Scott had obtained a piece of dry rope,
which is a nonconductor, and wound it about the broken
wire, for the purpose, evidently, of pulling it away from
its contact with the electric light wire, and thus render it
harmless.   Just the course of action then pursued by Scott
and Ingledue is a matter of considerable dispute between the
witnesses.   The evidence on part of plaintiff tended to show
that Scott had begun to pull upon the rope, when Ingledue
stepped in, and attempted to cut the wire with a pair of

nippers held in his hand.    As soon as the nippers touched the wire Ingledue received an electric shock causing him to fall and jerk the wire against the person of Scott, who thus received a fatal stroke.    It was the claim of defendant that Scott, by his own carelessness or misfortune, had already come in contact with the wire, and called to Ingledue to cut it and release him, and that it was only upon such call that the latter made use of the nippers.    This conflict of testimony was fairly submitted to the jury, which found against the de-defendant, and we must accept the plaintiff's version as the correct one.    For damages thus accruing the administratrix of Scott's estate brings this action.    The petition charges defendant with negligence in several particulars, all of which were by the trial court withdrawn from the consideration of the jury, except the allegation that Ingledue was a young, inexperienced, and incompetent person for such work as he was sent to perform on the occasion in question, and that defendant did not use due or reasonable care in placing such work in his hands, and that by reason of his incompetence and lack of reasonable skill the live wire had been brought against the person of Scott, causing his death.    There was a verdict for plaintiff in the sum of $7,000, and from the judgment entered thereon the defendant has appealed.

The five different reasons assigned by appellant for a reversal of the judgment of the district court may be embodied in the one proposition that the evidence is not sufficient to sustain the verdict.    It is said that there is no showing of Ingledue's lack of qualification for the work he was sent to perform. But this is not correct.    Experienced witnesses testified without objection that they knew him well, knew his experience and capacity, and that he was not competent for work of this nature.    This estimate is confirmed by the further showing that Ingledue was at this time only 20 years old, and, while he had been in the service of defendant for a considerable period, his work was principally in the office, and

1. NEGLIGENCE OF FELLOW SERVANT: evidence.

not of a kind to fit him especially for dealing with broken and dangerous wires. Nor can the defendant be excused from liability on the plea suggested by counsel that it does not appear that defendant had notice of his incompetency. In the first place, he had been for several years in the company's service, and it had ample opportunity to know his qualifications.

Moreover, the defendant, in dealing with highly charged electric wires was making use of the most subtle and dangerous power known to mankind, and was bound to exercise corresponding care to avoid bringing destruction to its servants whose duties brought them within the zone of danger. True, he who undertakes service of this kind assumes such risks as are naturally and necessarily incident thereto; but in this as all other employments the master undertakes to use all reasonable care to provide a safe place to work, and to furnish a sufficient number of competent employés to properly and safely execute the work in hand. In handling electricity, or in exposing men to its currents reasonable care is great care; and if the master, by placing responsibility upon inexperienced and untried persons, brings injury or death to his employés, the mere fact that he did not know of such person's incompetence will not relieve him from liability.

2. NEGLIGENCE: incompetency of fellow servant; liability of master.

Failure of the master to do his duty in this respect is not a risk which the servant assumes. In the case before us there is no claim that defendant employed Ingledue as an experienced electrician, or that it supposed or believed him to have any experience except such as he had obtained in its service. Of that service it was well advised, and, if he was incompetent, it must be charged with notice of the fact. The cases cited by counsel, where a single act of negligence is held not to be notice to the master of the servant's unfitness for his position, are not in point. It is not claimed here that Ingledue was unfit for the work because of habits of negligence, but because he had

3. ASSUMPTION OF RISK.

not yet had the experience and training to render him competent for such service, and of this there was ample evidence to sustain the plaintiff's contention.

We shall not go into a review of the controversy between witnesses as to what occurred between Scott and Ingledue, to which we have already made reference. It is enough to say that, if the jury believed the plaintiff's witnesses, as it had the right to do, it was justified in finding that the catastrophe occurred substantially as charged in the petition. It was also shown that the nippers made use of by Ingledue were but slightly insulated, and that no prudent person of experience would use them upon a wire carrying a dangerous current. It was conceded upon the trial that upon the report of the broken wire reaching the defendant's office the linemen usually sent out upon such service were not at hand, and the wire chief directed Ingledue to go. If, then, Ingledue was incompetent, and defendant was chargeable with notice of the fact, and the latter, by his lack of ordinary experience, brought the deadly wire in contact with Scott's person without fault on his part (and of all this there was evidence), the plaintiff was entitled to recover. Such is the verdict of the jury, and we cannot disturb it.

The judgment of the district court is *affirmed.*